IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re:<br>BILLY CRAWFORD, JR,<br>JEAN L. CRAWFORD,<br>    *Debtors* | BK Case 17-36174<br>Chapter 13 |
| BILLY CRAWFORD, JR,<br>JEAN L. CRAWFORD,<br>    *Plaintiffs*<br><br>v.<br><br>DHI FUND, LP; LAKESIDE RESIDENTIAL COMMUNITY ASSOCIATION, INC.; HARRIS COUNTY PRECINCT 4 CONSTABLE; MARK HERMAN; MARY VU a/k/a MARY VUE; NANCY CHONG a/k/a NANCY TU; AND WARRENSON PAYNE<br>    *Defendants* | Adversary Case: 18-03400 |

## DHI FUND, LP'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

Comes now, DHI Fund, LP, Defendant herein, and files this motion to dismiss and would respectfully show:

FACTS:

1. On or about October 21, 2015, Lakeside Residential Community Association, Inc. ("Lakeside"), brought suit in Harris County District Court against Plaintiffs seeking an Order of Foreclosure to foreclose its lien against the property known as 18203 Maple Arbor Ct., Cypress, Texas ("Subject Property"). Said suit was styled *Lakeside Residential Community Association, Inc. vs. Billy Crawford Jr. and Jean L. Crawford* under Cause 2015-62925 ("State Suit").

2. On May 27, 2016, the Harris County District Court, 61st Judicial District, issued a judgment in favor of Lakeside.

3. On January 3, 2017, the Harris County Constable's Office, acting pursuant to a Court Order sold the Subject Property at auction to DHI Fund, LP for the sum of $21,000.00.

4. On November 6, 2017, Debtor filed bankruptcy.

5. Debtor filed this current action on December 14, 2018.

DISCUSSION:

6. The Court should dismiss Plaintiff's lawsuit as this court lacks jurisdiction over this matter because Plaintiffs asks this court to review an Order of

the Harris County District Court. This Court does not have jurisdiction to sit in review of a state court.

7. Plaintiffs' argument in this adversary proceeding is that they were not properly served with citation in the state court suit which led to the subject property being foreclosed, and that necessary parties were not made a part of the State Suit. This is an attempt by the Plaintiff to collaterally attack the judgment of the state court. In essence, Plaintiffs are asking this court to sit in review of a judgment of a state court.

8. This court does not have jurisdiction to sit in review of the state court judgment. "The Rooker- Feldman doctrine… [applies to] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [1] "Reduced to its essence, the Rooker-Feldman doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments 'except when authorized by Congress'"[2] "A state court's judgment is attacked for purposes of the Rooker-Feldman doctrine ... if the

---

[1] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (U.S. 2005).
[2] *Truong v. Bank of Am., N.A.,* 717 F.3d 377, 382 (5th Cir. La. 2013) *citing Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted)

losing party in state court is 'seeking what in substance would be appellate review of the state judgment in a United States district court.'"[3]

9. Rooker-Feldman doctrine has four elements: (1) a state court loser; (2) alleging harm caused by a state court judgment; (3) that was rendered before the federal court proceeding began; and (4) the federal suit requests review and reversal of the state court judgment.[4]

10. The first element is clearly met since Plaintiffs were the loser in state court, Plaintiffs admits the state court found in favor of Lakeside. *Original Petition* at 6. Plaintiffs claim they were injured because of the judgment of the state court because the order of the state court led to the foreclosure of Subject Property. *Original Petition* at 12. The judgment in the State Suit was rendered on May 27, 2016, well before this Suit was filed and before the bankruptcy was filed.

11. This suit is asking the Court to review the Order and set aside the Order because of perceived issues with the judgement in the State Suit. Plaintiffs seek from this Court an Order which vacates the Order in the State Suit – a clear violation of the Rooker-Feldman Doctrine.

---

[3] *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 903 (5th Cir. 2011) (*quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994));
[4] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005); see also *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015).

12. Under the Rooker-Feldman doctrine, this Court does not have jurisdiction to sit in review of an order issued by a state court.[5] Under Rooker-Feldman, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[6] Plaintiffs' claim the judgment of the State Suit violates their federal rights. *Original Petion*, Supra.

PRAYER:

WHEREFORE, Premises considered, DHI Fund, LP asks this Court to dismiss the adversary complaint for lack of jurisdiction and grant DHI Fund, LP all other relief to which it is justly entitled in law and/or in equity.

Respectfully submitted,

**BARRY & SEWART, PLLC**

/s/ Nicholas M. Frame
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281

---

[5] *Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. Appx. 414, 415 (5th Cir. Tex. 2013).
[6] *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994).

Fax: (713) 722-9786

## Certificate of Service

I certify that a true and correct copy of the foregoing was served upon the following by electronic mail via the ECF filing system.

Susan C Norman
Attorney at Law
PO Box 55585
Houston, TX 77255
Email: suenorman@SueNormanLaw.com

/S/ Nicholas M. Frame
Nicholas M. Frame
