IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BILLY CRAWFORD, JR. § | | |
| AND JEAN L. CRAWFORD § | CIVIL NO. 17-36174 | |
| *Plaintiffs*, § | CHAPTER 13 | |
| § | | |
| V. § | | |
| § | | |
| DHI FUND, LP; LAKESIDE § | | |
| RESIDENTIAL COMMUNITY § | | |
| ASSOCIATION, INC.; HARRIS § | | |
| COUNTY; HARRIS COUNTY § | | |
| PRECINCT 4 CONTSTABLE § | ADVERSAREY CASE | |
| MARK HERMAN; MARY VU, a/k/a § | NO. 18-03400 | |
| MARY VUE; NANCY CHONG a/k/a § | | |
| NANCY TU; AND WARRENSON § | | |
| PAYNE § | | |
| *Defendants*. § | | |

### DEFENDANT CONSTABLE PRECINCT 4 MARK HERMAN'S MOTION TO DISMISS

Defendant Constable Precinct 4 Mark Herman files his Motion to Dismiss and would respectfully show this court as follows:

### I. FACTUAL BACKGROUND

1. On or about October 21, 2015, Lakeside Residential Community Association, Inc. ("Lakeside"), brought suit in Harris County District Court against Plaintiffs seeking an Order of Foreclosure to foreclose its lien against the property known as 18203 Maple Arbor Ct., Cypress, Texas ("Subject Property). Said suit was styled *Lakeside Residential Community Association, Inc. vs. Billy Crawford Jr. and Jean L. Crawford* under Cause 2015-62925 ("State Suit").

2. On May 27, 2016, the Harris County District Court, 61st Judicial District, issued a judgment in favor of Lakeside.

3. On January 3, 2017, the Harris County Constable's Office, acting pursuant to a Court Order sold the Subject Property at auction to DHI Fund, LP for the sum of $21,000.00.

4. On November 6, 2017, Debtor filed bankruptcy.

5. Debtor filed this current action on December 14, 2018.

## II. ARGUMENT AND AUTHORITIES

6. This case should be dismissed because this Court does not have jurisdiction over this matter and Plaintiffs seek to have this Court review an Order of the Harris County District Court.

7. It is well settled that this Court does not have jurisdiction to sit in review of a state court. *Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. Appx. 414, 415 (5th Cir. 2013).

8. Plaintiffs' allegations and claims in this adversary proceeding are (1) they were not properly served with citations in the state court resulting in the subject property being foreclosed; and (2) the necessary parties were not made part of the state suit. Plaintiffs are attempting to collaterally attack the judgment rendered in the state court.

9. Pursuant to the Rooker-Feldman doctrine, this Court does not have jurisdiction to sit in review of the state court judgment, "A state court's judgment is attacked for purposes of the Rooker-Feldman doctrine...if the losing party in state court

is seeking what in substance would be appellate review of the state judgment in a United States District Court." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900 (5th Cir. 2011) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006; 114 S.Ct. 2647, 129 L.ed. 2d 775 (1994).

10. The Roker-Feldman doctrine has four elements: (1) a state court loser; (2) alleging harm caused by a state judgment; (3) that was rendered before the federal court proceeding began; and (4) the federal suit requested review and reversal of the state court judgment. *Exxon Mobile Corp v. Saudi Basic Indus. Corp.* 544 U.S. 280, 284 (2005). See also *Houston v. Queen* 606 F. Appex' 725, 730 (5th Cir. 2015).

11. As stated in the Plaintiff's Original Petition they (1) lost in state court; (2) claim they were injured because of the judgment of the state court resulting in foreclosure of subject property; and (3) judgment in the state suit was rendered on May 27, 2016 prior to this suit was filed and before the bankruptcy proceedings were filed.

12. Plaintiffs are requesting this Court to enter an Order that vacates the Order in state court which is a definite violation of the Rooker-Feldman Doctrine.

## PRAYER

Wherefore, premises considered, Defendant Constable Precinct 4 Mark Herman respectfully requests that his Motion to Dismiss for lack of jurisdiction be in all respects granted and for other and further relief which he is justly entitled in law and/or in equity.

Respectfully submitted,

VINCE RYAN, 99999939
HARRIS COUNTY ATTORNEY

*/s/ Jim C. Ezer*
**JIM C. EZER**
Federal I.D. No. 3322
State Bar No. 06765000
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5349
Facsimile: (713) 755-8924
Jim.Ezer@cao.hctx.net

**ATTORNEY FOR DEFENDANT
HARRIS COUNTY CONSTABLE
PRECINCT 4 MARK HERMAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel by record through electronic service (Pacer) on the 13th day of February 2019.

*/s/ Jim C. Ezer*
**JIM C.** Ezer
Assistant County Attorney